## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL SILBER; SIDNEY EDDY STRULOVITS; SHERI LYNN STRULOVITS; MOSHE GORDON; DANIEL JACOB; TSOFIYA JACOB; LEWIS WEINGER; MORIYAH SHAPIRO; JONATHAN SHAPIRO; INBAL NAZDARE LEVY; YAIR SPOLTER; ERIC CHARLES MARX; SUSAN LYNN MARX; ALON MADIEL; DANIELLE MADIEL; GULIE MADIEL; HOWARD RABIN; and JEFFREY T. SCHWARTZ, | C.A. No. _____  JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| AIRBNB, Inc., | |
| Defendant. | |

## COMPLAINT

Plaintiffs, complaining of the defendant, by and through their undersigned attorneys, allege for their complaint against the defendant, upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is a complaint for monetary damages, and declaratory and injunctive relief against Airbnb to enforce the provisions of The Fair Housing Act, Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988, ("FHA") 42 U.S.C. § 3601, *et seq*.

## THE PARTIES

### A.      The Plaintiffs

2.      Plaintiff Samuel Silber is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Samuel Silber owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

3.      Plaintiff Sidney Eddy Strulovits is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Sidney Eddy Strulovits owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

4.      Plaintiff Sheri Lynn Strulovits is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Sheri Lynn Strulovits owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

5.      Plaintiff Moshe Gordon is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Moshe Gordon owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

6.      Plaintiff Daniel Jacob is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Daniel Jacob owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

7.      Plaintiff Tsofiya Jacob is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Tsofiya Jacob owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

PHIL1 7399735v.1

8.     Plaintiff Lewis Weinger is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Lewis Weinger owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

9.     Plaintiff Moriyah Shapiro is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Moriyah Shapiro owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

10.     Plaintiff Jonathan Shapiro is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Jonathan Shapiro owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

11.     Plaintiff Inbal Nazdare Levy is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Inbal Nazdare Levi owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

12.      Plaintiff Yair Spolter is a dual citizen of the United States and Israel, domiciled in Israel. At all times relevant hereto, Yair Spolter owned and continues to own residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

13.     Plaintiff Eric Charles Marx is a citizen of the United States domiciled in Maryland. Prior to November 19, 2018, Eric Charles Marx regularly used Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank," and he desires to continue to use Airbnb's services to rent residential property in said area.

14.     Plaintiff Susan Lynn Marx is a citizen of the United States domiciled in Maryland. Prior to November 19, 2018, Susan Lynn Marx regularly used Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank," and she desires to continue to use Airbnb's services to rent residential property in said area.

15.     Plaintiff Alon Madiel is a dual citizen of the United States and Israel, domiciled in Israel. Alon Madiel desires to use Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

16.     Plaintiff Danielle Madiel is a dual citizen of the United States and Israel, domiciled in Israel. Danielle Madiel desires to use Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

17.     Plaintiff Gulie Madiel is a dual citizen of the United States and Israel, domiciled in Israel. Gulie Madiel desires to use Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

18.     Plaintiff Howard Rabin is a citizen of the United States domiciled in New York. Howard Rabin desires to use Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

19.     Plaintiff Jeffrey T. Schwartz is a citizen of the United States domiciled in New York. Jeffrey T. Schwartz desires to use Airbnb's brokerage and booking services to rent residential property in an area that Airbnb classifies as "Israeli settlements in the occupied West Bank."

**B.     The Defendant**

20.     Airbnb, Inc. ("Airbnb") is a Delaware corporation.  Airbnb's registered agent for service of process in Delaware is the Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

21.     Pursuant to Fed. R. Civ. P. 4(h), Fed. R. Civ. P. 4(k)(1), and Delaware law, as a Delaware corporation, Airbnb is subject to personal jurisdiction in this Court and can be served through its registered agent for service of process in Delaware.

22.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, as Plaintiffs assert federal claims under the FHA; under 28 U.S.C. § 1343(a)(4) as Plaintiffs seek to secure equitable and other relief under federal civil rights laws; and under 42 U.S.C. § 3613(a)(1)(A) as Plaintiffs seek appropriate relief regarding a discriminatory housing practice under the Fair Housing Act.

23.     Plaintiffs seek declaratory and injunctive relief as authorized by 28 U.S.C. §§ 2201 and 2202.

24.     Venue is proper in this District under 28 U.S.C. § 1391(b) (1), as Defendant Airbnb resides in this District in which it is subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

25.     Airbnb operates a booking and brokerage service related to the business of renting residential dwellings and other public accommodations.

26.     Airbnb's booking platform serves as a facility related to the business of renting residential dwellings.

27.     Airbnb structures its business as a membership organization, generally requiring users to register as "members" of the organization in order to utilize its booking and brokerage services.

28.     Airbnb generally charges a commission for each booking confirmed through its services.

29.     Airbnb touts itself as a "global" company, and it facilitates the ability of owners of residential dwellings to engage in the business of renting residential dwellings to members in many countries around the world, including the United States.

30.     Prior to November 19, 2018, Airbnb publicly asserted that it followed a policy of non-discrimination on the basis of race, religion, national origin, ethnicity, disability, sex, gender identity, sexual orientation, or age.

31.     Prior to November 19, 2018, based upon its non-discrimination policy, Airbnb rebuffed calls by the Boycott, Divestment and Sanctions Movement (the "BDS Movement") and other anti-Israel and anti-Semitic organizations and activists to refuse to provide its platform and services to Jews and/or Israelis seeking to offer their residential dwellings for rent in the disputed territories known as the "West Bank."

32.     Prior to November 19, 2018, Airbnb publicly asserted that it was permitted by law to provide its platform and services to Jews and Israelis in these areas, and that it would continue to do so.

33.     On November 19, 2018, Airbnb announced its decision to "remove listings in Israeli settlements in the occupied West Bank that are at the core of the dispute between Israelis and Palestinians."

-6-

34.     Airbnb made this decision knowing that the listings it would be excluding would be for residential properties owned predominately, if not exclusively, by Jews and/or Israelis.

35.     Upon information and belief, Airbnb's decision to remove such listings was made in response to calls by individuals and entities aligned and affiliated with the BDS Movement, which is recognized as an anti-Israel and anti-Semitic organization that targets Jews and Israelis for discrimination and exclusion from economic, academic, and cultural organizations and activity.

36.     Airbnb's removal of listings "in Israeli settlements in the occupied West Bank" serves to limit and deny the owners of dwellings in these areas access to, and/or participation in, Airbnb's booking and brokerage services, organization, and facilities and other services related to the business of renting their residential dwellings.

37.     Airbnb's removal of listings "in Israeli settlements in the occupied West Bank" serves to limit and deny prospective renters access to these dwellings and/or participation in Airbnb's booking and brokerage services, organization, and facilities and other services related to the business of renting residential dwellings.

38.     In contrast, Airbnb continues to permit and include listings in non-Israeli and non-Jewish settlements and dwellings in "the occupied West Bank," thus providing the owners and prospective renters of these dwellings access to, and participation in, Airbnb's booking and brokerage services, organization, and facilities and other services related to the business of renting those dwellings.

39.     Airbnb's decision to remove listings "in Israeli settlements in the occupied West Bank" discriminates against Jews and/or Israelis on its face and in effect on the basis of race, religion and national origin.

PHIL1 7399735v.1

40.     Plaintiffs Samuel Silber, Sidney Eddy Strulovits, Sheri Lynn Strulovits, Moshe Gordon, Daniel Jacob, Tsofiya Jacob, Lewis Weinger, Moriya Shapiro, Jonathan Shapiro, Inbal Nazdare Levy, and Yair Spolter are all Jewish Israelis who own residential dwellings in areas that Airbnb classifies as "Israeli settlements in the occupied West Bank," and who have used Airbnb's brokerage and booking services, organization, and facilities to rent out these properties prior to November 19, 2018. These Plaintiffs desire to continue to use such services to rent these properties, but Airbnb's discriminatory policy and practice now serves to limit and deny them the ability to do so.

41.     Plaintiffs Eric Marx and Susan Lynn Marx are Jewish individuals who have regularly used Airbnb's brokerage and booking services prior to November 19, 2018 to rent a residential dwelling in the areas now excluded by Airbnb, and they are now unable to do so due to Airbnb's discriminatory policy and practice.

42.     Plaintiffs Alon Madiel, Danielle Madiel and Gulie Madiel, Howard Rabin and Jeffrey T. Schwartz are also Jewish individuals who desire to use Airbnb's brokerage and booking service to rent residential dwellings in the areas now excluded by Airbnb, and are now unable to do so due to Airbnb's discriminatory policy and practice.

43.     Plaintiffs have been injured and continue to be injured and suffer damage by Airbnb's illegal and discriminatory practice and policy of excluding from its brokerage and booking services and platform properties located in areas that Airbnb classifies as "Israeli settlements in the occupied West Bank."

## CLAIM FOR RELIEF
## (VIOLATIONS OF THE FAIR HOUSING ACT)

44.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

PHIL1 7399735v.1

45.     Airbnb operates an online business that provides a platform and listing service for individuals to list, discover and rent both short and long-term accommodations and dwellings.

46.     The homes and properties including those listed or referred to above, are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

47.     Airbnb's actions violate the provisions of 42 U.S.C. § 3606 which states in pertinent part:

> it shall be unlawful to deny any person access to or membership or participation in any multiple-listing service, real estate brokers' organization or other service, organization, or facility relating to the business of selling or renting dwellings, or to discriminate against him in the terms or conditions of such access, membership, or participation, on account of race, color, religion, sex, handicap, familial status, or national origin.

*Id.*

48.     Airbnb's actions also violate the provisions of 42 U.S.C. § 3617 which provides in pertinent part that:

> it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

*Id.*

49.     Airbnb's actions described above constitute:

a)      discrimination on account of race, religion and national origin in the denial of access to, membership and participation in a service relating to the business of renting dwellings; and

b)      interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons in the exercise or enjoyment of rights granted or protected by the FHA. Airbnb acted intentionally, willfully, and in disregard of the federally protected rights of others.

-9-

50.     Plaintiffs, Jewish and/or Israeli property owners and prospective renters, who have been the victims of Airbnb's discriminatory conduct are "aggrieved persons" within the meaning of 42 U.S.C. §§ 3602(i) and have suffered harm and damages as a direct result of Airbnb's conduct. Airbnb is liable to Plaintiffs for any and all damages they have sustained as a result of such injuries.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs pray that this Court enter judgment against Defendant Airbnb as follows:

a)     Declaring that Airbnb's actions and practices violate the Fair Housing Act, 42 U.S.C. § 3601 et seq.

b)     Enjoining Airbnb from continuing to discriminate against Plaintiffs and other Jews and Israelis in the provision of its platform and services;

c)     Awarding compensatory and punitive damages to Plaintiffs from Airbnb, amounts to be determined at trial;

d)     Ordering Airbnb to pay any and all costs sustained in connection with the prosecution of this action, including attorneys' fees;

e)     Granting such other and further relief as justice requires.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  November 28, 2018

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

_/s/ David S. Eagle_
David S. Eagle (DE Bar No. 3387)
Sean M. Brennecke (DE Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5508
deagle@klehr.com
sbrennecke@klehr.com

**OF COUNSEL**

Robert J. Tolchin (pro hac vice
application to be filed)
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Telephone: (718) 855-3627
rtolchin@berkmanlaw.com

_Attorneys for Plaintiffs_

        -and-

Nitsana Darshan-Leitner, Adv.
NITSANA DARSHAN-LEITNER & CO.
11 Havatikim Street
Petah Tikva, Israel 49389
U.S. Telephone: (646) 661-2811
nitsanaleitner@gmail.com
_Israeli Counsel for Plaintiffs_

PHIL1 7399735v.1