# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL SILBER; SIDNEY EDDY STRULOVITS; SHERI LYNN STRULOVITS; MOSHE GORDON; DANIEL JACOB; TSOFIYA JACOB; LEWIS WEINGER; MORIYAH SHAPIRO; JONATHAN SHAPIRO; INBAL NAZDARE LEVY; YAIR SPOLTER; ERIC CHARLES MARX; SUSAN LYNN MARX; ALON MADIEL; DANIELLE MADIEL; GULIE MADIEL; HOWARD RABIN; JEFFREY T. SCHWARTZ; and DAVID TESLER, <br><br> *Plaintiffs*, <br><br> v. <br><br> AIRBNB, Inc., <br><br> *Defendant*. | C.A. No. 1:18-cv-01884-RGA <br><br> **Oral Argument Requested** |

## MOTION TO PROCEED WITH CLAIMS BROUGHT BY ZIAD ALWAN, VILLAGE OF JALUD, MUNICIPALITY OF 'ANATA, AND RANDA WAHBE AGAINST SETTLER-PLAINTIFFS

Misty A. Seemans, DE Bar # 5975
O.P.D. (Pro Bono; cooperating attorney with Center for Constitutional Rights)
820 North French Street
Third Floor
Wilmington, Delaware 19801
mseemans@ccrjustice.org
(302) 577-5126

Diala Shamas (admitted *pro hac vice*)
Maria LaHood (admitted *pro hac vice*)
Katherine Gallagher (admitted *pro hac vice*)
Astha Sharma Pokharel (admitted *pro hac vice*)
Baher Azmy (admitted *pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
dshamas@ccrjustice.org
(212) 614-6426

Dated: April 11, 2019

*Counsel for Intervenors*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Alternative Research & Dev. Found. v. Veneman*,
  262 F.3d 406 (D.C. Cir. 2001) ............................................................................................... 2

*Eli Lilly & Co. v. Synthon Labs., Inc.,*
  538 F. Supp. 2d 944 (E.D. Va. 2008) ..................................................................................... 3

*Fleet Capital Corp. v. Merco Joint Venture, LLC*,
  No. 02 CV 0279 (ILG), 2002 WL 31528633 (E.D.N.Y. Sept. 3, 2002) ............................. 3, 5

*Ford v. City of Huntsville*,
  242 F.3d 235 (5th Cir. 2001) ................................................................................................. 2

*Fuller v. Volk,*
  351 F.2d 323 (3d Cir. 1965) ............................................................................................. 4, 5

*Leman v. Krentler-Arnold Hinge Last Co.*,
  284 U.S. 448 (1932) ............................................................................................................... 4

*Odle v. Flores,*
  899 F.3d 344 (5th Cir. 2017) ................................................................................................. 2

*Sommers v. Bank of Am., N.A.*,
  835 F.3d 509 (5th Cir. 2016) ................................................................................................. 2

*Tampa Port Auth. v. Taylor (In re Irish Bank Resolution Corp.)*,
  No. 13-12159 (CSS), 2014 WL 1884916 (Bankr. D. Del. May 12, 2014) ............................. 3

*U.S. Steel Corp. v. Envtl. Prot. Agency,*
  614 F.2d 843 (3d Cir. 1979) .................................................................................................. 4

**Statutes**

Alien Tort Statute, 28 U.S.C. § 1350 ............................................................................................ 5

Fair Housing Act, 42 U.S.C. § 3601 et seq .................................................................................. 5

**Rules**

FED. R. CIV. P. 41(a)(1) ........................................................................................................... 2, 3

**INTRODUCTION**

Intervenors object to the stipulated dismissal of the entirety of the above-captioned action by Plaintiffs and Defendant Airbnb, which was done without notice to Intervenors, while Intervenors' Motion to Intervene as of right was pending. As described in Intervenors' Motion to Intervene, the outcome of the dismissal agreement – Airbnb's continued listing of Settler-Plaintiffs' unlawful and discriminatory rental properties in the occupied Palestinian West Bank – implicates the Intervenors' interests and is exactly the outcome that Intervenors sought to preclude through intervention. This Court should decide Intervenors' Motion to Intervene, and permit Intervenors' claims to proceed against Settler-Plaintiffs notwithstanding the dismissal of Plaintiffs' claims against Airbnb. This would avoid prejudice to Intervenors and unnecessary delay, and is otherwise in the interest of judicial economy.

**FACTUAL BACKGROUND**

On March 18, 2019, Intervenors moved to intervene in the above-captioned case to protect their property and legal interests, and to bring counterclaims against Plaintiffs Samuel Silber, Sidney Eddy Strulovits, Sheri Lynn Strulovits, Moshe Gordon, Daniel Jacob, Tsofiya Jacob, Lewis Weinger, Moriyah Shapiro, Jonathan Shapiro, Inbal Nazdare Levy, and Yair Spolter (hereinafter "Settler-Plaintiffs") who claimed to own and sought to continue to list rental properties in Israeli settlements in the occupied West Bank. The parties' Responses to the Motion to Intervene were thereafter due April 1, and Intervenors' Reply was due April 9. Plaintiffs requested adjournment of the deadline for their opposition to Intervenors' Motion in order to "give the court time to decide the 12(b)(6) motion," to which Intervenors responded that the Court should consider the motions simultaneously. On March 29, 2019, all parties including

Intervenors stipulated to extend the time for Plaintiffs and Defendant Airbnb to respond to Intervenors' Motion to May 6, which the Court ordered on April 1. Stipulation, D.I. 16.

On April 9, the day that briefing on the Motion to Intervene would have been complete, Defendant and Plaintiffs entered into a stipulation dismissing the above-captioned action without any notice to Intervenors, and entered into a settlement agreement in which Airbnb would not remove Settler-Plaintiffs' listings in the occupied West Bank, or any other listings in the West Bank. This Court ordered the dismissal on April 10 without addressing Intervenors' pending Motion.

## ARGUMENT

This Court retains jurisdiction to address Intervenors' motion, and indeed must do so. *See Odle v. Flores,* 899 F.3d 344, 345 (5th Cir. 2017) (citing *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 (5th Cir. 2016)) (denying *en banc* review, finding that panel correctly vacated district court's decision that it did not have jurisdiction to consider would-be plaintiff-intervenors' motion to intervene, filed after the district court had already entered a FED. R. CIV. P. 41(a)(1) stipulated dismissal of plaintiffs' claims, and remanding to district court to exercise its jurisdiction); *see also Ford v. City of Huntsville*, 242 F.3d 235, 238-241 (5th Cir. 2001) (intervention as of right appropriate, even though the intervenor did not file its motion to intervene until after the district court had entered an agreed order of dismissal, and district court erred when it summarily denied intervenor's motion without a hearing and without offering any findings or conclusion). *See also Alternative Research & Dev. Found. v. Veneman*, 262 F.3d 406, 407-408 (D.C. Cir. 2001) (although parties filed a stipulation for dismissal under FED. R. CIV. P. 41(a)(1), the court still reviewed the pending motion to intervene upon intervenors' objection).

Even if deciding the Motion to Intervene were not required, the Court should invoke its equitable powers to do so, given that the dismissal prejudices Intervenors. *Eli Lilly & Co. v. Synthon Labs., Inc.,* 538 F. Supp. 2d 944, 947 (E.D. Va. 2008) (a court may invoke equitable principles to estop stipulating parties from invoking a rule – FED. R. CIV. P. 41(a)(1) – "which would prejudice the rights of a party whose motion to intervene is pending"); *see also Tampa Port Auth. v. Taylor (In re Irish Bank Resolution Corp.)*, No. 13-12159 (CSS), 2014 WL 1884916, at *3 (Bankr. D. Del. May 12, 2014) (quotation omitted) (same). In *Fleet Capital Corp. v. Merco Joint Venture, LLC*, No. 02 CV 0279 (ILG), 2002 WL 31528633 (E.D.N.Y. Sept. 3, 2002), the court granted intervenor's motion to intervene following a FED. R. CIV. P. 41(a)(1)(A)(i) dismissal *nunc pro tunc*. The court found that allowing voluntary dismissal would prejudice the intervenor's rights because it would result in depriving intervenor "of the opportunity to have its motion for intervention heard, and would force [intervenor] to commence its own action-at the expense of drafting a complaint and effecting service-against the defendants." *Id.* at *3.

Dismissal of the action without hearing the Motion to Intervene as of right would prejudice Intervenors, who seek to protect their interests. *See, generally,* Mot. to Intervene on Behalf of Putative Intervenors & Countercl. Pls. & Mem. of Law in Supp., D.I. 13. The Stipulation of Dismissal and the settlement agreement, which Intervenors are not privy to, directly impairs Intervenors' interests. "Under the settlement terms, Airbnb will not move forward with implementing the removal of listings in the West Bank from the platform." *Update on Listings in Disputed Regions*, AIRBNB.COM (Apr. 9, 2019), https://press.airbnb.com/update-listings-disputed-regions/. As Intervenors have argued in their Motion to Intervene and alleged in their proposed Counterclaims, Settler-Plaintiffs' continued listing of rental properties in illegal

and discriminatory settlements in the occupied West Bank would result in further trespass, discrimination, and unjust enrichment. It also indicates that Airbnb is abrogating its human rights obligations. *See* Intervenor-Defs.' Answer to Am. Compl. & Countercls., Ex. A to Mot. to Intervene, D.I. 13-1. The violations of law, including serious human rights violations, permitted by the stipulation and settlement are precisely the outcomes that Intervenors sought to avoid.

Intervenors seek to bring counterclaims against Settler-Plaintiffs, who have submitted themselves to the jurisdiction of this Court. *See Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932) (when a plaintiff brought suit "it submitted itself to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the counterclaim of the defendants, petitioners here."). Failing to hear Intervenors' Motion to Intervene would prejudice Intervenors' Counterclaims as litigation of Intervenors' claims against Plaintiffs in a separate, later-filed lawsuit would require complex service of process that may take significant time to effectuate and might require argument on the question of personal jurisdiction.

It is well-settled that an "intervenor can continue to litigate after dismissal of the party who originated the action." *U.S. Steel Corp. v. Envtl. Prot. Agency,* 614 F.2d 843, 845 (3d Cir. 1979) (permitting intervention to proceed even if underlying petition is dismissed). Allowing Intervenors' claims to proceed as a separate action favors "judicial economy and prompt disposition of litigation." *Id.* at 846. "By allowing the suit to continue with respect to the intervening party, the court can avoid the senseless 'delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.'" *Fuller v. Volk,* 351 F.2d 323, 329 (3d Cir. 1965) (quotation omitted). This procedure is properly applied where "it

4

appears that the intervenor has a separate and independent basis for jurisdiction and in which failure to adjudicate the claim will result only in unnecessary delay." *Id*.

The Intervenors' Counterclaims assert causes of action under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Alien Tort Statute, 28 U.S.C. § 1350, and thus subject matter jurisdiction exists. Dismissing the Intervenors' claims would deprive Intervenors of the opportunity to have their Motion to Intervene heard, and create the exact kind of delay that the court in *Fuller* intended to avoid: Intervenors would simply have to draft a complaint very similar to their Counterclaims filed as a proposed pleading in this litigation, re-file the complaint, and undertake the lengthy and complicated process to effect service on entities who have otherwise already subjected themselves to the jurisdiction of this Court. *See also, Fleet, supra,* at *3 (forcing intervenor to commence its own action, including drafting a complaint and effecting service, would cause prejudice). Such a delay would be "senseless" and "unnecessary." *See Fuller,* 351 F.2d at 329.

## CONCLUSION

This Court should decide Intervenors' Motion to Intervene, and permit Intervenors' claims to proceed against Settler-Plaintiffs notwithstanding the dismissal of Plaintiffs' independent claims against Airbnb.

Dated: April 11, 2019          Respectfully submitted,

_____
Diala Shamas (admitted *pro hac vice*)
Maria LaHood (admitted *pro hac vice*)
Katherine Gallagher (admitted *pro hac vice*)
Astha Sharma Pokharel (admitted *pro hac vice*)
Baher Azmy (admitted *pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor

5

New York, NY 10012
dshamas@ccrjustice.org
(212) 614-6426

/s/ Misty A. Seemans
Misty A. Seemans, DE Bar # 5975
O.P.D. (Pro Bono; cooperating attorney with Center for Constitutional Rights)
820 North French Street
Third Floor
Wilmington, Delaware 19801
mseemans@ccrjustice.org
(302) 577-5126

*Counsel for Intervenors*