IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL SILBER; SIDNEY EDDY STRULOVITS; SHERI LYNN STRULOVITS; MOSHE GORDON; DANIEL JACOB; TSOFIYA JACOB; LEWIS WEINGER; MORIYAH SHAPIRO; JONATHAN SHAPIRO; INBAL NAZDARE LEVY; YAIR SPOLTER; ERIC CHARLES MARX; SUSAN LYNN MARX; ALON MADIEL; DANIELLE MADIEL; GULIE MADIEL; HOWARD RABIN; JEFFREY T. SCHWARTZ; and DAVID TESLER, <br><br> Plaintiffs, <br><br> v. <br><br> AIRBNB, Inc., <br><br> Defendant. | C.A. No. 1:18-cv-01884-RGA |

**MEMORANDUM OF LAW IN OPPOSITION TO PROPOSED
<u>INTERVENORS' MOTION TO PROCEED WITH CLAIMS</u>**

**KLEHR HARRISON
HARVEY BRANZBURG LLP**
David S. Eagle (DE Bar No. 3387)
Sean M. Brennecke (DE Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5508
deagle@klehr.com
sbrennecke@klehr.com
*Attorneys for Plaintiffs*

Dated: May 13, 2019

# TABLE OF CONTENTS

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................ 3

    I.    THE RULE 41(A) DISMISSAL TERMINATED THE CASE, LEFT NO ACTION INTO WHICH THE PROPOSED INTERVENORS CAN INTERVENE AND DOES NOT ALLOW THE COURT DISCRETION TO ENTERTAIN THE PROPOSED INTERVENORS' APPLICATION ................................ 3

    II.   PROPOSED INTERVENORS DO NOT SATISFY THE STANDARD FOR INTERVENTION UNDER FED. R. CIV. P. 24(A) ........................... 10

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*Alternative Research & Dev. Found. v. Veneman*,
   262 F.3d 406 (D.C. Cir. 2001) ......................................................................................... 8

*In re Bath & Kitchen Fixtures Antitrust Litig.*,
   535 F3d 161 (3d Cir. 2008) ............................................................................................. 4

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ..................................................................................................... 5, 8

*Ford v. City of Huntsville*,
   242 F.3d 235 (5th Cir. 2001) ........................................................................................... 8

*GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*,
   213 F.R.D. 150 (S.D.N.Y. 2003) ..................................................................................... 5

*Hester Indus., Inc. v. Tyson Foods, Inc.*,
   160 F.3d 911 (2d Cir. 1998) ............................................................................................ 5

*Homesite Ins. Co. of the Midwest v. Robards*,
   2014 WL 359823 (E.D. Tenn. Feb. 3, 2014) .................................................................. 5

*Janssen v. Harris*,
   321 F.3d 998 (10th Cir. 2003) ......................................................................................... 2

*Liberty Mut. Ins. v. Treesdale, Inc.*,
   419 F.3d 216 (3d Cir. 2005) ..................................................................................... 10, 11

*Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*,
   2 F. 3d 544 (4th Cir. 1993) .............................................................................................. 4

*Mut. Produce, Inc. v. Penn Cent. Transp.*,
   119 F.R.D. 619 (D. Mass. 1988) ..................................................................................... 5

*Odle v. Flores*,
   899 F.3d 344 (5th Cir. 2017) (*per curiam*) ................................................................. 6-7

*Odle v. Wal-Mart Stores*,
   No. 11-cv-2954, Dkt nn. 112-13 (N.D. Tex.) ................................................................. 6

*Reagan v. Fox Navigation*,
   2005 WL 2001177 (D. Conn. Aug. 17, 2005) ................................................................ 5

*Sommers v. Bank of Am.*,
 835 F.3d 509 (5th Cir. 2016) ...................................................................................................7

*State Nat'l Ins. v. County of Camden*,
 824 F.3d 399 (3d Cir. 2016) ................................................................................................3-4

*Steiner v. Atochem,* S.A.,
 2002 WL 1870322 (S.D.N.Y. Aug. 13, 2002) ........................................................................5

*United States Steel Corp. v. Envtl. Protection Agency*,
 614 F.2d 843 (3d Cir. 1979) ...................................................................................................7

*United States v. L.A. Tucker Truck Lines, Inc.*,
 344 U.S. 33 (1952) ...............................................................................................................8-9

*Webster v. Fall*,
 266 U.S. 507 (1925) ................................................................................................................8

## Court Rules

Fed. R. Civ. P. 23 ..........................................................................................................................7

Fed. R. Civ. P. 24 ........................................................................................................................15

Fed. R. Civ. P. 41 ................................................................................................................*passim*

## Other Authorities

James Wm. Moore, et al., Moore's Fed. Prac. §41.34[4][b] (3d ed. 2013) ....................................4

Wright & Miller, 9 Fed. Prac. & Proc. Civ.,
 § 2367 (3d ed.) .......................................................................................................................10

**STATEMENT OF FACTS**

The Plaintiffs are owners of properties listed on the Airbnb internet hospitality service who sued Airbnb for religious discrimination after Airbnb decided to disallow listings by Jews, but to allow listings by Muslims or Christians, in the territory known alternatively as the "West Bank" or "Judea and Samaria" (hereinafter "West Bank"). (Amended Complaint, D.I. 6). The defendant Airbnb filed a motion to dismiss on January 29, 2019. (D.I. 8).

While Airbnb's motion to dismiss was pending, a motion to intervene was filed by two West Bank towns that describe themselves as "Palestinian" and two individuals who describe themselves as "Palestinian" United States citizens, one residing in Chicago, and one residing in Somerville, Massachusetts, and both oddly claiming to "hold[] West Bank residency" (D.I. 13-1, ¶¶ 7, 10). The proposed intervenors asserted a real property dispute, contending that they are the rightful owners of some of the properties that the plaintiffs listed on Airbnb and that those properties were wrongfully expropriated from them by the Israeli government. (Motion to Intervene, D.I. 13). The proposed intervenors sought to have this Court determine issues of international law regarding occupation of territory, adjudicate the Arab-Israeli conflict, and decide, as a matter of law, who owns particular parcels of land located in the West Bank—a task that would involve application of Jordanian, Israeli and/or Palestinian law, and potentially property law of the Ottoman Empire, which had jurisdiction over this area before World War I. The proposed intervention promised to become the proverbial tail that wagged the dog, as what the intervenors wanted to inject into this litigation went well beyond the scope of the Plaintiffs' claims against Airbnb and anything Airbnb argued in its motion to dismiss.

Before the motion to intervene was decided, the Plaintiffs and Airbnb entered into a settlement agreement resolving their dispute. Pursuant to the terms of that settlement agreement,

on April 9, 2019, the Plaintiffs filed a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) immediately dismissing the action. (D.I. 17). The Court "so ordered" the dismissal the next day. (D.I. 18).[1] The dismissal of the action also had the effect of mooting the proposed intervenors' motion to intervene, since there was no longer a pending action in which to intervene.

On April 11, 2019, the proposed intervenors filed a "motion to proceed with claims." (D.I. 19). In this motion, the proposed intervenors now seek to have the tail *become* the dog, asking the Court to entertain their arguments solely because there once was a case pending in this Court that, they contend, was related to their claims. That case has since been resolved and dismissed, and was dismissed before the motion to intervene was heard. In seeking to resurrect this case from dismissal, the proposed intervenors rely primarily on the rather unconvincing argument that they would be prejudiced if not allowed to proceed with their claims because starting a new plenary action "would require complex service of process that may take significant time to effectuate and might require argument on the question of personal jurisdiction."[2] (D.I. 19, p. 4). Premised on the thin reed that the proposed intervenors had moved to intervene before the action was dismissed, and disregarding the fact that not one of the Plaintiffs and not one of the proposed intervenors has any connection whatsoever to the District

---

[1] While so-ordering the stipulated dismissal was of course harmless, Plaintiffs had the right to file the stipulation without court order (Fed. R. Civ. P. 41(a)(1)(A)) and dismissal of the case was automatic and immediately effective. Once a notice of dismissal is filed, a district court has no role to play; any order that it enters purportedly to effect the dismissal is "superfluous, a nullity, and without procedural effect." *Janssen v. Harris*, 321 F.3d 998, 1000-01 (10th Cir. 2003) (collecting cases).

[2] Plaintiffs regard this argument as unconvincing because the proposed intervenors conspicuously stop short of saying that they could not effectuate service of process in an action of their own, or that there is no other court where they could obtain personal jurisdiction. They just argue that it "may" take time and "might" require jurisdictional arguments.

2

of Delaware, the proposed intervenors assert that they wish to continue litigating their politically motivated claims in this Court.

As will be shown, the position of the proposed intervenors is contrary to the applicable law. Their motion should be denied.

## ARGUMENT

I. **THE RULE 41(A) DISMISSAL TERMINATED THE CASE, LEFT NO ACTION INTO WHICH THE PROPOSED INTERVENORS CAN INTERVENE AND DOES NOT ALLOW THE COURT DISCRETION TO ENTERTAIN THE PROPOSED INTERVENORS' APPLICATION.**

Fed. R. Civ. P. 41(a)(1) provides:

> **(a) Voluntary Dismissal**.
>
> > **(1) By the Plaintiff**.
> >
> > > **(A) Without a Court Order**. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> > >
> > > > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > > >
> > > > (ii) a stipulation of dismissal signed by all parties who have appeared.
> > >
> > > **(B) Effect**. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

The Third Circuit, interpreting this rule, has held:

> The language of the rule makes clear that a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order, nor does it require the approval of the court. Because a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order or approval, we have held that "[t]he entry of such a stipulation of dismissal is

3

> effective automatically." *First Nat'l Bank of Toms River, N.J. v. Marine City, Inc.,* 411 F.2d 674, 677 (3d Cir. 1969).
>
> * * *
>
> Once the voluntary stipulation is filed, the action on the merits is at an end. *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989). "[A]ny action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already been dismissed." *SmallBizPros, Inc. v. MacDonald,* 618 F3d 458, 463 (5th Cir. 2010); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F3d 1272, 1279-80 (11th Cir. 2012) ("A district court loses all power over determinations of the merits of a case when it is voluntarily dismissed."); *Versata Software, Inc. v. Callidus Software, Inc.,* 780 F.3d 1134, 1136 (Fed. Cir. 2015) (vacating its own opinion, which was issued after the parties voluntarily dismissed their case pursuant to Rule 41(a)(1)(A)(ii)). A voluntary dismissal deprives the District Court of jurisdiction over the action.

*State Nat'l Ins. v. County of Camden*, 824 F.3d 399, 406-07 (3d Cir. 2016) (footnotes inserted as in-line citations). Further, the Third Circuit has held that Rule 41(a) establishes a bright line rule which, when invoked by the plaintiff, "deprives the district court of jurisdiction to decide the merits of the case" (*In re Bath & Kitchen Fixtures Antitrust Litig.,* 535 F3d 161, 166 (3d Cir. 2008)).

When a motion to intervene has been made before a case is dismissed, and then the parties to the action stipulate to dismiss the case under Fed. R. Civ. P. 41(a)(1)(A)(ii) before the motion to intervene has been ruled on, the stipulated dismissal deprives the court of jurisdiction to grant the motion to intervene. "A stipulation [under Fed. R. Civ. P. 41(a)(1)(ii)] filed during the pendency of a motion to intervene is effective to dismiss the action, since the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted." James Wm. Moore *et al*., Moore's Federal Practice § 41.34[4][b], at 41-116 (3d ed. 2013) (citations omitted); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel,* 2 F. 3d 544, 547 (4th Cir. 1993) (holding district court had no discretion to allow intervention into defunct action

4

dismissed under Rule 41(a)); *see also Homesite Ins. Co. of the Midwest v. Robards*, 2014 WL 359823 at *2 (E.D. Tenn. Feb. 3, 2014) (holding court lacked jurisdiction over the motions to intervene because there was no case or controversy pending in light of the dismissal); *Reagan v. Fox Navigation*, 2005 WL 2001177 (D. Conn. Aug. 17, 2005) ("[C]ourts have ruled that once the parties have filed a Rule 41(a)(1)(ii) stipulation of dismissal, there is no longer a pending case or controversy into which a non-party may intervene." (citation omitted)); *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*, 213 F.R.D. 150 (S.D.N.Y. 2003) (denying a motion to vacate a parties' stipulation of dismissal because "there is no 'case or controversy' pending in light of the dismissal); *Steiner v. Atochem,* S.A., 2002 U.S. Dist. LEXIS 14848, 2002 WL 1870322 at *4 (S.D.N.Y. Aug. 13, 2002) (citing cases holding voluntary dismissal moots all pending motions); *Hester Indus., Inc. v. Tyson Foods, Inc.,* 160 F.3d 911, 916 (2d Cir. 1998) (adopting cases holding that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval); *Mut. Produce, Inc. v. Penn Cent. Transp.*, 119 F.R.D. 619, 620-21 (D. Mass. 1988) (denying motion to intervene because stipulation of dismissal under Rule 41(a)(1)(ii) was effective immediately upon filing, without any action by the court; there was no justiciable action pending in which to intervene); and Fed. R. Civ. P. 41(a)(1)(ii)("[A]n action may be dismissed by the plaintiff without order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action.").

Once a stipulated dismissal is entered, the court may do nothing but resolve ancillary issues. The Supreme Court has identified several ancillary issues that a court may consider after a Rule 41(a) dismissal, such as Rule 11 sanctions, imposition of costs and attorney's fees, and contempt citations. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990). Adjudicating entirely new claims by new parties is not among those permitted ancillary issues.

5

The proposed intervenors seek to circumvent this well-established law by turning to the Fifth Circuit, which created a very narrow *sui generis* exception to this rule in circumstances quite unlike this case. That *sui generis* exception, described below, would not apply on these facts even in the Fifth Circuit. They certainly do not apply in the Third Circuit, which has recognized no such exception.

Proposed intervenors' principal case, *Odle v. Flores*, 899 F.3d 344 (5th Cir 2017) (*per curiam*), is an opinion denying rehearing *en banc*, which contained a lengthy and forceful dissent on behalf of five judges. *Id.* at 350 (Jones, *J.*, dissenting). *Odle* involved a motion to intervene by absent class members seeking to appeal an earlier denial of class certification based on a finding that the putative class plaintiffs' claims were barred by the statute of limitations. Following the ruling denying class certification, the original plaintiffs decided to dismiss their putative class action. Other members of the proposed but uncertified plaintiff class sought to intervene to try their hand at appealing the statute of limitations ruling, but the motion to intervene was denied since the case had been dismissed. The Fifth Circuit held in *Odle* that the district court was required to consider the motion to intervene. *Id.* at 345. It has not yet done so because, at the parties' request, the district court stayed the case to await an anticipated decision from the Supreme Court in a case that would impact the statute of limitations issue. *Odle v. Wal-Mart Stores*, No. 11-cv-2954, Dkt, nn.112-13 (N.D. Tex.). It is therefore unknown whether that motion to intervene will ultimately be granted.

The class action dynamic in *Odle* makes that case very different from this one. The proposed intervenors in *Odle* were seeking to prosecute the exact same claim as had been filed and dismissed on behalf of the proposed class (which included the proposed intervenors), but, because the class had not been certified, the dismissal was not binding on anyone but the named

6

plaintiffs. Since it was a *proposed* but not *certified* class action, neither the court nor any party would have anticipated that the decision to dismiss the action bound anyone but the named plaintiffs. Moreover, in a class action, individual class members always have the right to opt out and litigate their claims individually. Until class certification was denied, the proposed intervenors were deemed part of the litigation. Once certification was denied, they merely attempted to exercise their right to proceed individually as provided by Fed. R. Civ. P. 23(c)(2)(B)(iv) and (v). Under those circumstances, for a member of the proposed plaintiff class to seek to intervene and continue the action when the named plaintiffs have decided to give up after an adverse ruling on class certification is unsurprising and poses no appreciable new burden on the Court or the defendants. That scenario also has nothing to do with this case where the claims proposed to be brought by the proposed intervenors are wildly different from the claims made by the plaintiffs in the original action, and really constitute a completely different case.

Notwithstanding *Odle*, the law in the Fifth Circuit is not significantly different than the law in the Third Circuit (and every other jurisdiction to our knowledge). For example, in *Sommers v. Bank of Am.*, 835 F.3d 509 (5th Cir. 2016), another Fifth Circuit case cited by proposed intervenors, intervention was denied as untimely.

Proposed intervenors' citation to *United States Steel Corp. v. Envtl. Protection Agency*, 614 F.2d 843 (3d Cir 1979) is misleading. In that case, the issue before the court was whether "an intervenor can continue to press its claims before this court after the original petitioner is dismissed from the case," 614 F.2d at 844. It is one thing for a party to successfully move to intervene in a case, and then keep litigating even after the original plaintiffs' case is dismissed. It is another thing to first intervene in a case after it is already dismissed, which is what the proposed intervenors are trying to do here.

7

Similarly inapposite is proposed intervenors' Fifth Circuit case *Ford v. City of Huntsville*, 242 F.3d 235 (5th Cir 2001). In *Ford,* a newspaper moved to intervene in a settled and dismissed case to challenge the confidentiality order that barred disclosure of certain settlement documents, and the Court held that the newspaper was entitled to intervene to litigate the issue of confidentiality. The effect of a Rule 41(a)(1) dismissal was not litigated in *Ford* because the parties filed an agreed *motion* to dismiss after they settled. *Id.* In *Ford*, the Court held that the newspaper was entitled to intervene and vacated the confidentiality order without regard to Rule 41(a)(1).[3] Therefore, *Ford* has nothing to do with this case.

Proposed intervenors' reliance on *Alternative Research & Dev. Found. v. Veneman*, 262 F.3d 406 (D.C. Cir. 2001), is unavailing. That decision concerned the appealability of a denial of a motion to intervene. Once it concluded that the district court's denial of the motion to intervene was appealable, the Court of Appeals for the District of Columbia summarily affirmed the district court's denial of the motion to intervene, with no discussion whatsoever of the effect of the parties' dismissal of the action pursuant to Fed. R. Civ. P. 41(a). Since the effect of Rule 41(a) was not discussed, it cannot be regarded as having been ruled on by the court in *Alternative Research.* An issue not raised or considered by a court, but that might lurk in the background, is not part of that court's holding and is not binding on it or any future court. *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38 (1952)

---

[3] While Rule 41(a)(1) was not at issue in *Ford*, the result in *Ford* likely would have been no different had it been litigated under Rule 41(a)(1) because the confidentiality of a settlement document is an ancillary issue, similar to the ancillary issues identified by the Supreme Court in *Cooter & Gell*, *supra*. The proposed intervention here is not an ancillary issue.

(holding an issue in a case that was not "raised in briefs or argument nor discussed in the opinion of the Court" has not been resolved for the purposes of establishing precedent).

In a last ditch effort, proposed intervenors ask the Court to invoke its equitable powers to disregard hornbook law and allow them to intervene anyway to avoid prejudice. The prejudice they claim appears to boil down to this: If they are not permitted to intervene, proposed intervenors claim that they would have to commence their own action, serve process, and potentially argue the question of personal jurisdiction. (D.I. 19, p. 4). This is hardly "prejudicial," particularly since the proposed intervenors have stopped short of saying that, for some reason, they could not commence such an action or serve process. Indeed, the proposed intervenors' proposed pleading alleges that the proposed intervenors have petitioned the Israeli High Court for the same relief they seek here, that they obtained at least a partial victory in the form of a court-ordered freeze on construction and an order barring properties from being sold. (Motion to Intervene, D.I. 13-1, ¶¶ 97, 99, and 107). Thus, because it appears from the proposed intervenors' own pleading that some or all of their claims are already being litigated elsewhere, it is hard to see what prejudice exists.

The proposed intervenors want the convenience of being able to attach their tangentially-related and far-reaching, claims onto the plaintiffs' now-settled and already-dismissed case so that they may skip the steps of commencing their own action in a court of competent jurisdiction and proper venue, as well as properly serving process to obtain personal jurisdiction. They would like to force this Court to hear their claims, even though their claims have nothing to do with Delaware or any action pending before this Court, and even though, following the dismissal of the action against Airbnb, no party to the proposed intervenors' claims would have any connection to Delaware or this Court.

The plaintiffs have exercised their right to dismiss this case under Rule 41(a), which "leaves the situation as if the action never had been filed." Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.). Even if the proposed intervenors faced *bona fide* prejudice (and they do not), that is no reason to set aside settled law and the plain language of Rule 41(a)(1) to allow new claims to be asserted in a case that no longer exists. Nor is there any equity in permitting the proposed intervenors to hang their claims over the Plaintiffs on a case that they have dismissed by right. Nor is there equity in entangling this Court in an extraordinarily complicated, intractable political dispute having no connection to this District, this State, or this Court.

## II. PROPOSED INTERVENORS DO NOT SATISFY THE STANDARD FOR INTERVENTION UNDER FED. R. CIV. P. 24(A)

Even if hearing the proposed intervenors' motion to intervene were procedurally proper, the motion to intervene would have to be denied on its merits.

Fed. R. Civ. P. 24 provides, in relevant part:

(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Appling this rule, the Third Circuit has held:

[A] litigant seeking intervention as of right under Rule 24(a)(2) must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*Liberty Mut. Ins. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service,* 157 F.3d 964, 969 (3d Cir. 1998)). These four criteria <u>must all be present</u>:

10

"Each of these requirements must be met to intervene as of right." *Id.* (quoting *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995)).

The third criterion in the Third Circuit's list is fatal to the proposed intervenor's efforts to intervene. That prong requires that there be "a threat that the interest will be impaired or affected by the disposition of the underlying action." *Liberty Mut. Ins.*, 419 F.3d at 220. Here, the underlying action has already been settled and dismissed. The proposed intervenors plainly do not contend that their interest in the underlying claim has been impaired or affected, as they are insisting that they want to litigate their claims notwithstanding that the underlying action has already been disposed of. The underlying claim already having been disposed, without apparent impact on proposed intervenors' claims, it is pellucid that there is no threat whatsoever to the proposed intervenors' interests posed by denying the motion to intervene. The underlying claim by definition poses no conceivable threat to the proposed intervenors interests, *vel non*, since there is no underlying claim.

The proposed intervenors' inability to satisfy the third prong of the test for intervention requires that their motion be denied.

## CONCLUSION

For the reasons set forth herein, the proposed intervenors' motion should be denied in all respects.

Dated: May 13, 2019

**OF COUNSEL**

Robert J. Tolchin
(admitted pro hac vice)
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Telephone: (718) 855-3627
rtolchin@berkmanlaw.com

    -and-

Nitsana Darshan-Leitner, Adv.
NITSANA DARSHAN-LEITNER & CO.
11 Havatikim Street
Petah Tikva, Israel 49389
U.S. Telephone: (646) 661-2811
nitsanaleitner@gmail.com
*Israeli Counsel for Plaintiffs*

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

*/s/ David S. Eagle*
David S. Eagle (DE Bar No. 3387)
Sean M. Brennecke (DE Bar No. 4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5508
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Plaintiffs*