IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL SILBER, SIDNEY EDDY
STRULOVITS, SHERI LYNN
STRULOVITS, MOSHE GORDON,
DANIEL JACOB, TSOFIYA JACOB,
LEWIS WEINGER, MORIYAH SHAPIRO,
JONATHAN SHAPIRO, INBAL
NAZDARE LEVY, YAIR SPOLTER, ERIC
CHARLES MARX, SUSAN LYNN MARX,
ALON MADIEL, DANIELLE MADIEL,
GULIE MADIEL, HOWARD RABIN,
JEFFREY T. SCHWARTZ, and DAVID
TESLER,

      Plaintiffs,

v.

AIRBNB, Inc.,

      Defendant.

Civil Action No. 1:18-cv-01884-RGA

**MEMORANDUM ORDER**

Presently before me is Ziad Alwan's, Village of Jalud's, Municipality of Anata's, and Randa Wahbe's ("Proposed Intervenors") Motion to Proceed with Claims. (D.I. 19). Proposed Intervenors and Plaintiffs have briefed the motion. (D.I. 19, 21, 22). Defendant Airbnb, Inc. has not filed a response. For the reasons discussed more fully below, I will deny Proposed Intervenor's motion.

This case was filed November 28, 2018. (D.I. 1). Plaintiffs alleged that Airbnb's decision to "remove listings in Israeli settlements in the occupied West Bank that are at the core of the dispute between Israelis and Palestinians" violated the Fair Housing Act. (D.I. 1 at ¶¶ 33, 44-50). On March 18, 2019, Proposed Intervenors moved to intervene as of right pursuant to

1

Federal Rule of Civil Procedure 24(a)(2). (D.I. 13). They argued that they have legal claims to the properties listed on Airbnb by Plaintiffs, and that their interest in the properties was not adequately represented by Airbnb. (*Id.* at 7). Proposed Intervenors, Plaintiffs, and Airbnb agreed to delay the briefing schedule on the motion to intervene by over a month, with answering briefs due on May 6, 2019. (D.I. 16). On April 9, 2019, Plaintiffs and Airbnb filed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (D.I. 17). The case was closed on April 10, 2019. (D.I. 18). Proposed Intervenors filed this motion the next day, seeking to proceed with the claims they raised in their motion to intervene. (D.I. 19). Briefing on the motion to intervene has not been completed.

The Parties' stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) deprives me of the ability to resolve Proposed Intervenor's motion to intervene. Rule 41(a)(1)(A)(ii) authorizes a plaintiff to voluntarily "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "[T]he entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *First Nat. Bank of Toms River, N.J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969). "Any action by the district court after the filing of the Stipulation of Dismissal can have no force or effect because the matter has already been dismissed. A voluntary dismissal deprives the District Court of jurisdiction over the action." *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016) (cleaned up). "Such a dismissal leaves the parties as though no action had been brought." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Accordingly, once a case is dismissed pursuant to Rule 41(a)(1)(A)(ii), a motion to intervene is rendered a nullity. *See Fort Sill Apache Tribe of Okla. v. United States*, 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008) (holding that a stipulated dismissal renders a motion

to intervene moot); *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620-21 (D. Mass. 1988) (noting that proposed intervenors are not considered parties prior to the court granting a motion to intervene and finding that a mere motion to intervene has no impact on the parties' ability to stipulate to dismissal). This is true principally because there is no longer a case in which proposed intervenors can intervene. *See Dukes v. Wal-Mart Stores, Inc.*, 2016 WL 4269093, at *1 (N.D. Cal. Aug. 15, 2016) (collecting cases). The timing of the motion to intervene, either before or after the stipulated dismissal, is irrelevant. *Id.* at *2.

The Proposed Intervenor's motion to intervene was filed prior to Plaintiffs' and Airbnb's stipulated dismissal. Their motion was not, however, granted prior to that dismissal. Thus, as there is no case into which Proposed Intervenors could now intervene, Ziad Alwan's, Village of Jalud's, Municipality of Anata's, and Randa Wahbe's Motion to Proceed with Claims (D.I. 19) is **DENIED** and their Motion to Intervene (D.I. 13) is **DISMISSED** as **MOOT**.

IT IS SO ORDERED this 23 day of August 2019.

                                                         /s/ Richard G. Andrews
                                                        United States District Judge